Oral E. and Ann E. CRISP

*v.*

DEPARTMENT OF REVENUE

(TC 3834)

Richard A. Mario, Buckley, Montgomery, LeChevallier & Lindley, P.C., Lake Oswego, represented plaintiffs (taxpayers).

Jerry Bronner, Assistant Attorney General, Department of Justice, Salem, represented defendant (department).

Decision for defendant rendered April 29, 1996.

## CARL N. BYERS, Judge.

Plaintiffs (taxpayers) appeal the disallowance of their claimed deduction for a business bad-debt loss for 1989 and 1991. The Department of Revenue (department) adjusted taxpayers' returns after concluding that the debt was a nonbusiness bad debt. There is no dispute of material fact, and the parties have filed cross motions for summary judgment.

Taxpayers sold their laundromat business on June 5, 1985, for $15,000. The business consisted of depreciable equipment, mostly washers and dryers, and small leasehold improvements. The purchaser paid taxpayers $4,000 cash down with the balance evidenced by an unsecured promissory note. Taxpayers did not elect installment reporting, but recognized the entire gain on their 1985 income tax return. *See* Temp Treas Reg § 15A.453-1(d)(1), (3). Most of the gain was ordinary because it was attributable to the recapture of depreciation on the equipment.

In 1989, the purchaser of taxpayers' laundromat business filed bankruptcy, discharging the obligation under the unsecured note. When the debt became worthless, taxpayers claimed a business bad debt deduction for the loss on their 1989 return.[1] The department adjusted taxpayers' return after concluding that the debt was a nonbusiness bad debt and, consequently, the loss was limited as a short-term capital loss.

## ISSUE

The issue is whether the debt was a business or nonbusiness debt.

## COURT'S ANALYSIS

■   Section 166 of the Internal Revenue Code (IRC) provides for the deduction of debts that become worthless or "bad." Corporate taxpayers may deduct all such debts, but the deduction for individual taxpayers is limited unless it is a

---

[1] Initially, taxpayers claimed the business bad-debt loss on their 1988 return. When the department disallowed the loss, because the bankruptcy occurred in 1989, taxpayers amended their 1989 return and claimed the loss for that year.

business bad debt. The statute employs a negative definition, stating:

"[T]he term 'nonbusiness debt' means a debt other than-

"(A)   a debt created or acquired (as the case may be) in connection with a trade or business of the taxpayer; or

"(B)   a debt the loss from the worthlessness of which is incurred in the taxpayer's trade or business." IRC § 166(d)(2).

■       Section 1.166-5 of the regulations states that the question of whether a debt is a nonbusiness debt is a question of fact in each case. It also states that such a determination is to be made in substantially the same manner as determining whether a loss has been incurred in a trade or business for purposes of IRC section 165(c)(1).

■       In applying IRC section 166(d)(2), it is necessary to distinguish between subparagraph (A) and subparagraph (B). Subparagraph (A) defines a business debt as "one created or acquired in connection with a trade or business." The character of such a debt is established at the time the debt is created and does not thereafter change. *See* 8 *Mertens Law of Federal Income Taxation* § 30.47 (1995).

■ ■       Under subparagraph (B), a business debt is one where "the loss from the worthlessness of which is incurred in the taxpayer's trade or business." Under this subparagraph, the regulations require a "proximate" relationship between the loss and the taxpayer's trade or business *at the time the debt becomes worthless*. Treas Reg § 1.166-5(b)(2). In *United States v. Generes*, 405 US 93, 92 S Ct 827, 31 L Ed 2d 62, 72-1 USTC (CCH) ¶ 9259 (1972), the United States Supreme Court held that the term "proximate" in the regulation requires a dominant business motive, *i.e.*, the dominant motive of the taxpayer must be to protect or preserve a trade or business. *Id.*, 405 US at 96.

■       As the Court indicated in *Generes*, the code distinguishes between losses incurred in a trade or business and losses incurred from transactions entered into for profit. The regulations describe a business debt as one entered into "in the course of a trade or business." Treas Reg § 1.166-5(b)(1). In *Koppelman v. Commissioner*, 27 TC 382, 388 (1956), the

court viewed the issue as whether the bad-debt loss was sustained "in the ordinary course of a trade or business." Thus, the statute contemplates that a business debt arises from the operation of the business.

■     The bad debt in question arose not from operation of the business but from the sale of assets used in the business. The sale terminated taxpayers' laundromat business. Therefore, the debt in question was not incurred in a trade or business, but in the pursuit of taxpayers' nonbusiness activities.

Taxpayers contend that the case of *Bernstein v. Commissioner*, 19 TCM (CCH) 1187 (1960) supports their position. In that case, a doctor sold the medical equipment used in his practice to a newly formed medical group which he joined. When the group was unable to pay for the equipment, the doctor deducted the bad debt as a business bad debt. The court upheld the deduction. That case is distinguishable because the taxpayer did not terminate his business but sold the equipment in order to continue his medical practice. In contrast, taxpayers sold their laundromat equipment to terminate their business. The debt in question was not created in the course of taxpayers' business. Instead, it resulted from the act of terminating the business. The dominant motive for the debt was not to protect, preserve, or further the business. The court finds that the subject debt was a nonbusiness debt and it is not deductible under IRC section 166(a)(1). Now, therefore,

IT IS ORDERED that taxpayers' Motion for Summary Judgment is denied and

IT IS FURTHER ORDERED that the department's Motion for Summary Judgment is granted.